IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | | |
|---|---|---|
| **DESHIRE REDDING,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.:** |
| | § | 1:21-cv-603 |
| **VLP, LLC D/B/A PEPI FOOD SERVICES, INC.,** | § | |
| | § | **JURY DEMAND** |
| Defendant. | § | |
| | § | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for equitable relief, money damages, compensatory damages, liquidated and or punitive damages, attorneys' fees, and costs. It is instituted to secure the protection of and to redress the deprivation of rights secured through the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq., the Act of Congress known as 42 U.S.C. §1981 ("Section 1981"), and Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., incorporating in it the Pregnancy Discrimination Act of the Civil Rights Act of 1964 ("PDA"). Section 1981 provides relief for race or ethnicity-based discrimination in employment, Title VII, and the PDA provide relief for gender-based discrimination in employment, and the FMLA provides relief for interference, discrimination, and or retaliation arising out of employees use of or need for leave covered by the Act.

### II. JURISDICTION

2. The jurisdiction of this Court is invoked under the Act of Congress known as 28

U.S.C. §1331, 1334(4), 2201 and 2202; 42 U.S.C. §1981; 42 U.S.C. §2000e et seq.; and 29 U.S.C. §§ 2601, et seq.

3. Plaintiff timely filed her charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. Plaintiff also filed her sex discrimination suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## III. PARTIES

4. Plaintiff, Deshire Redding ("Redding"), is a female citizen of the United States and a resident of Alabama. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

5. Defendant VLP, LLC d/b/a PEPI Food Services, Inc. ("PEPI") is a domestic limited liability and operates of business in Dothan, Alabama. Defendant is an "employer" subject to suit under Title VII and the FMLA.

## IV. STATEMENT OF FACTS

6. Plaintiff is a female formerly employed by Defendant.

7. Plaintiff was pregnant in the fall of 2019 and on or around November 14th labor was induced.

8. Plaintiff gave Defendant notice of her need for leave as soon as her physician informed her that she would need to miss work.

9. Katie Pilcher, ("Katie"), Defendant's General Manager, informed Plaintiff she could take leave covered under the FMLA and upon Plaintiff's return she could have her job.

10. Plaintiff maintained contact weekly or bi-weekly with Amanda Knox, Defendant's Production Manager. Thus, Defendant was aware when Plaintiff could return to work and or her

2

continued need for FMLA leave.

11.     Ready and well enough to return to work in early January 2020, Plaintiff informed Defendant of her intent to return.

12.     Katie contacted Plaintiff and left a message that her former position was filled, but that Defendant's Catering Manager, Malissa Jordan, would contact her about an opening. After Katie's contact, no one from catering or any other department within Defendant's organization reached out to Plaintiff to facilitate her return to work.

13.     Plaintiff worked full-time and at all relevant times provided her availability for work.

14.     Plaintiff continued to call Defendant seeking work assignments to no avail, and she went by Defendant's office in person to do the same. The only position offered after she tried to return to work was on the night shift at a location more than an hour commute each way from her home.

15.     Still, Plaintiff's co-workers contacted her to tell say there were positions open she could perform, the company was short staffed, and the decision to terminate her employment was made while she was still out on the leave prescribed by her doctor.

16.     Plaintiff was terminated or constructively discharged in January 2020.

## V. CAUSES OF ACTION

### COUNT I:
### TITLE VII-VIOLATIONS OF THE CIVIL RIGHTS ACT
### (SEX DISCRIMINATION) (PREGNANCY DISCRIMINATION ACT)

17.     Plaintiff brings her discrimination claim based on race under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991".

18. In support of her gender/pregnancy discrimination claim, Plaintiff incorporates by reference Paragraphs 1-16 above as if fully set forth below.

19. Plaintiff's gender and or pregnancy were substantial motivating factors that caused Defendant to permanently fill her position before she returned from FMLA, and its decision not to offer Plaintiff substantially similar work elsewhere once she was cleared to return to work.

20. As a result of Defendant's unlawful conduct and actions, Plaintiff was deprived of income and other employment benefits. Plaintiff also suffered emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

WHEREFORE, Plaintiff requests that this Court provide her equitable relief in the form of reinstatement, back-pay (plus interest), the value of lost benefits, punitive damages, attorneys' fees, costs, and expenses, as well as any other relief allowed or deemed just and proper by the Court.

## COUNT II:
## 42 U.S.C. §1981 - RACE-BASED DISCRIMINATION
## (DISPARATE TREATMENT)

21. Plaintiff brings her claim of race discrimination under 42 U.S.C. §1981.

22. Plaintiff files this race discrimination suit within two years of the discriminatory treatment.

23. Plaintiff is a female African American

24. In support of her race-based discrimination claim, Plaintiff incorporates by reference Paragraphs 1-16 above as if fully set forth below.

25. Plaintiff observed while working for Defendant that her non-African American co-workers took leaves of absences for medical conditions or otherwise, including leaves under the FMLA. When those co-workers returned to work Defendant allowed them to fill positions like

4

they held before taking leave.

26. Defendant treated Plaintiff differently compared to non-African American employees, denying her the same opportunity and kinds of work upon her return from leave afforded employees of Caucasian and or Hispanic race or ethnicity.

27. As a result of Defendant's unlawful conduct and actions, Plaintiff was deprived of income and other employment benefits. Plaintiff has also suffered emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

28. Based on the above, Defendant acted with malice and a reckless indifference to Plaintiff's civil rights.

**WHEREFORE**, Plaintiff requests that this Court provide her equitable relief in the form of a reinstatement, back-pay (plus interest), the value of lost benefits, punitive damages, attorneys' fees, costs, and expenses, as well as any other relief allowed or deemed just and proper by the Court.

**COUNT III:**
**29 U.S.C. 2614 - VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT**
**(INTERFERENCE WITH FMLA RIGHTS)**

29. Defendant employed Plaintiff for more than 12 continuous or non-continuous months.

30. Plaintiff worked at least 1,250 hours at Defendant's facility in the 12-month period preceding her need for FMLA leave.

31. Defendant employs more than 50 individuals at the facility where Plaintiff worked.

32. Plaintiff was an "eligible employee" under the FMLA 29. U.S.C. §2611(2).

33. In support of her FMLA interference claim, Plaintiff incorporates by reference Paragraphs 1-16 above as if fully set forth below.

34. The FMLA prohibits an employer's interference with employee's FMLA rights, discrimination based on an employee's need or use of FMLA leave, and retaliation based on the same.

35. Plaintiff notified her employer that she was pregnant, that she intended to request leave for the birth of her child, and any medical recovery. Plaintiff timely notified Defendant of her need for leave after medical staff determined it was time to induce labor.

36. At all times Defendant was aware of Plaintiff's continued need for FMLA leave related to complications she experienced after the birth of her child, including high blood pressure.

37. Defendant purposefully interfered with Plaintiff's right to leave under the FMLA by withholding protected leave, filling her protected position, and failing to provide her substantially similar employment upon her return from protected leave.

38. Plaintiff suffered an adverse employment action when she was denied employment and constructively discharged in or around January 2020.

39. As a result, Defendant violated the FMLA and because of its conduct, Plaintiff was deprived income and other employment benefits due her.

**WHEREFORE**, Plaintiff requests that this Court provide her equitable relief in the form of a reinstatement, back-pay, the value of lost benefits, attorneys' fees, costs, and expenses, as well as any other relief allowed or deemed just and proper by the Court.

Dated: September 8, 2021

Respectfully submitted,

*/s/ Robert Camp*
**ROBERT CAMP**
Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: rcamp@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

*/s/ Robert Camp*
**OF COUNSEL**

**SERVE DEFENDANT BY CERTIFIED MAIL AT:**
**VLP, LLC D/B/A PEPI FOOD SERVICES, INC.**
**c/o Vic Pemberton, Registered Agent**
**165 Technology Drive**
**Dothan, Alabama 36303**

*/s/ Robert Camp*
**OF COUNSEL**

7